UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VALERIE KLIM,<br><br>        Plaintiff,<br><br>v.<br><br>DS WATERS OF AMERICA, INC.,<br><br>        Defendant. | Civil Action File No.:<br><br>1:13-CV-02677-AT<br><br>**<u>CONSENT PROTECTIVE ORDER</u>** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause shown, the Court hereby issues this Consent Protective Order with respect to the confidential and proprietary commercial information which may be exchanged between Plaintiff Valerie Klim ("Plaintiff") and Defendant DS Waters of America, Inc. ("Defendant") during the course of discovery in this action.

**IT IS HEREBY ORDERED** that the confidential and proprietary commercial information described in this Order, whether in the form of documents (electronic or otherwise) or testimony, shall be protected and governed as follows:

      1. Any party may designate as "Confidential" any Discovery Materials that are deemed in good faith by that party to embody, reflect, or disclose (a) trade secrets, (b) proprietary commercial information related to Defendant's business

1

operations, (c) documents conveying confidential or private information about any current or former employee of Defendant, or (d) Plaintiff's personnel, financial, tax, or personal records. Such information is not otherwise available to the public and good cause exists for entering this Order in order to protect the parties from possible annoyance or embarrassment related to the unnecessary disclosure of personal information and to protect against disclosure of otherwise confidential commercial information. This Order is limited to documents and information exchanged between the parties during discovery. Documents produced in discovery claimed by the party producing same to be "confidential," shall be stamped or otherwise marked with the designation, "CONFIDENTIAL."

2. A party may designate any portion of any deposition testimony as "Confidential" (as defined above) at any time prior to a deposition, during a deposition, or after the close of the deposition, as next described. Within thirty (30) days of receipt of the transcript for review, the party invoking the "Confidential" designation must identify those portions of the final transcript which will remain protected by designating as "Confidential" pages of the transcript in a letter to opposing counsel.

3. At any time after the production of any materials designated as Confidential by one party, any other party to this Order may serve, by letter, a notice of

objection to such designation stating the reasons for such objection. The parties shall make a good faith effort to confer verbally and to resolve any disagreement over any objection to a "Confidential" designation of documents or information. Should the parties be unable to resolve the issue raised by the objection, the designating party may thereupon, by motion, seek a ruling from this Court with respect to the merits of the designation. The burden of proving the appropriateness of the designation pursuant to this Order shall be upon the party designating the materials as confidential.

    4.    Discovery Materials designated as "Confidential" may only be made available to (a) counsel of record for any party, and the legal associates, clerical or support staff of such counsel assisting in the preparation of this action, (b) a party, or independent experts, or potential experts, or any other person employed or retained by counsel for the purpose of assisting counsel in this action, after said person has executed and delivered to counsel contemplating the disclosure such person's written acknowledgment, agreement and consent to abide by the terms of this Protective Order, and (c) witnesses and potential witnesses, after they have executed and delivered to counsel contemplating the disclosure such person's written acknowledgement, agreement and consent to abide by the terms of this Protective Order, and (d) court

personnel and court reporters at any proceedings held in open court in connection with this action.

5. Any person receiving Confidential Discovery Materials shall safeguard their confidentiality and shall not reveal or discuss such materials to or with any person or entity not entitled to disclosures herein provided.

6. The parties agree to redact certain identifying information contained in documents filed with the court, such as social security numbers and addresses as required by the Local Rules and Standing Orders of the United States District Court for the Northern District of Georgia.

7. Pursuant to Fed. R. Evid. 502(d), the parties agree that a party's disclosure or production of any documents or information in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by that party of any privilege or protection applicable to those documents, including the attorney-client privilege, work product protection and any other privilege or protection recognized by law. The parties further agree that the provisions of Fed. R. Evid. 502(b) are inapplicable to the production of documents or information under this Order. Specifically, there has been no waiver if a party discloses privileged or protected information, inadvertent or otherwise, regardless of

whether the party took reasonable steps to prevent the disclosure or to rectify the error. Such documents or information is considered Confidential information under this Order. Any party receiving any such documents or information shall return them to the producing party, upon request, within 10 business days or receiving such request, delete any version of the documents it maintains and make no use of the information contained therein, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection. Nothing in this Order shall prevent a receiving party from challenging the privilege or protection asserted by the producing party by engaging in good-faith discussions with the producing party and, if agreement cannot be reached, seeking a ruling by the Court (including, if necessary, *in camera* review) as to whether the document or information should be treated as privileged or protected.

      8.    Upon termination of this action, including any appeals thereof, within thirty (30) days of a written request, the parties shall return all original copies of Confidential Discovery Materials. Counsel may retain the documents in their offices and preserve confidentiality. The parties acknowledge and agree that even though documents may be marked as Confidential for purposes of discovery, such designation

does not prevent a party from submitting or filing any such materials with the Court as evidence in this matter.

9. <u>This order does NOT, in itself, authorize the filing of any documents under seal. Documents may be filed under seal only if authorized by statute, rule, or order of the Court.</u> A party seeking to file under seal any paper or other matter shall abide by the applicable Federal Rules of Civil Procedure, local rules, standing orders, and any other orders entered in this matter with regard to the filing of materials under seal, including, without limitation, the provisions of Paragraph 10 below.

10. As a general matter, this Court will seal only those items enumerated in the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files. If a party has very good cause to request sealing of material marked or identified as "CONFIDENTIAL," the party shall first present directly to Judge Totenberg's chambers a sufficiently supported motion to file under seal. Further, the party shall indicate by entry of a "notice" on the CM/ECF docket that a motion to seal has been presented to the chambers. Attached to the motion should be the material desired to be sealed. The Court will then review the material in camera and make a decision whether to grant or deny the motion to seal. If the Court determines that the motion is to be granted, the Court will forward the motion, a signed order, and

accompanying materials to the Clerk of the Court for entry of the motion on the CM/ECF docket and appropriate filing of the sealed materials. If the Court determines that the motion is to be denied, then the Court will contact the filing party, which may then retrieve the motion/materials and determine whether it wants to file the document without a seal.

As further clarification, the Court notes that a mere reference or discussion of confidential information does not warrant sealing of the entire document and all attachments to be filed. Instead, the Court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to confidential information.

11. By the entry of this Order, the parties shall not be deemed to have waived any objection available to them in response to any discovery request.

12. This Order is without prejudice to the rights of any party to seek its modification or amendment by further order of this Court. The parties have consented to the entry of this Protective Order upon the express condition that they reserve the right to seek relief or supplemental order of this Court if the provisions of this Protective Order would later result in undue burden or expense or would undermine counsels' ability to represent their clients in this case.

SO ORDERED, this 22, day of January, 2014.

_____
**HONORABLE AMY TOTENBERG
JUDGE, UNITED STATES DISTRICT COURT**

Consented to by counsel:

s/Jason I. Coleman (w/e/p by SGH)
Jason I. Coleman, Esq.
Georgia Bar No. 810004
jason@maysandkerr.com
John L. Mays, Esq.
Georgia Bar No. 986574
john@maysandkerr.com
**Mays & Kerr LLC**
235 Peachtree Street
North Tower, Suite 202
Atlanta, Georgia 30303
Telephone: (404) 410-7998
Facsimile: (404) 855-4066

**ATTORNEYS FOR PLAINTIFF
VALERIE KLIM**

s/Steven G. Hopkins
Timothy R. Newton, Esq.
Georgia Bar No. 542200
tnewton@constangy.com
Steven G. Hopkins, Esq.
Georgia Bar No. 142427
shopkins@constangy.com

8

**Constangy, Brooks & Smith, LLP**
230 Peachtree Street, N.W.
Suite 2400
Atlanta, Georgia 30303-1557
Telephone:  (404) 525-8622
Facsimile:   (404) 525-6955

**ATTORNEYS FOR DEFENDANT**
**DS WATERS OF AMERICA, INC.**